# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0411** (Mercer County 16-F-342-WS)

**William Jesse Seal,**
**Defendant Below, Petitioner**

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Jesse Seal, by counsel John E. "Jay" Williams Jr. and Ryan J. Flanigan, appeals the Circuit Court of Mercer County's April 5, 2017, order sentencing him to forty years of imprisonment following his second-degree murder conviction. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response. On appeal, petitioner contends that there was insufficient evidence to sustain his conviction and that the circuit court erred in imposing the maximum sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The evidence at petitioner's trial showed that, on June 19, 2015, an officer with the Princeton Police Department responded to a call at petitioner's home. Upon the officer's arrival, he found petitioner "sort of laying across" the deceased body of Ashley Seal, petitioner's ex-wife. The officer observed multiple stab wounds on the victim. Petitioner informed the officer that he and the victim had had a fight and asked the officer to "please shoot me." The officer noted a butterfly knife, determined to belong to petitioner, that was covered in blood and positioned close to petitioner. Another knife found at the scene was determined to be the victim's, but it was sheathed and had no blood on it. Ultimately, eighty-six stab wounds were counted on the victim's body, which included wounds to her heart, lungs, liver, spleen, small bowel, and pancreas. Petitioner sustained one wound to his abdomen.

Petitioner's neighbor and her daughter-in-law, who was visiting the neighbor, testified at trial. Although their view of the events that transpired in petitioner's home on that day were not entirely clear due to the angle of the view, these witnesses testified that they could see through an open window in petitioner's home and saw the victim move or lunge toward petitioner. Petitioner responded to this by pushing the victim onto the floor. The witnesses noted silence for approximately three minutes, and then heard the victim gurgle and faintly yell, "Help me."

1

Several minutes later, petitioner came to the window, looked at these witnesses, and said, "Somebody needs to help me. I did it."

Petitioner was later transported to the hospital to obtain treatment. While there, officers obtained a statement from him. Petitioner admitted to killing the victim. Petitioner also stated that he went toward the victim first, and that she may have perceived that as a threat. The record also suggests that petitioner's abdomen wound was unintentionally self-inflicted during the fight with the deceased.

Indisputably, petitioner and the victim had a tumultuous relationship. The victim flaunted her new relationship in front of petitioner, and due to "not getting along very well" with petitioner, petitioner's landlord had banned her from the premises on occasion. Petitioner argued at trial that he acted in self-defense and was provoked. The jury, however, rejected these claims and found him guilty of second-degree murder.

On April 3, 2017, the circuit court sentenced petitioner to a determinate term of forty years of incarceration. In imposing this sentence, the court noted the following:

> The [c]ourt, as [has] been noted – and the [c]ourt's familiar with this case, since it was a [j]ury trial. So, the [c]ourt's familiar with the evidence in this case more so than the [c]ourt typically has in sentencing.
>
> The Pre-Sentence Report indicates that [petitioner] is 34 years of age. He has an 11th grade education. He was employed at the time that this act was committed. He didn't have much of a criminal record really prior to this offense. He doesn't appear to have – at least as [of] the time this act was committed – a drug o[r] alcohol problem. If this was anything other than [a] second[-]degree murder case, [petitioner] probably would be entitled to some leniency by the [c]ourt. But, that is outweighed in this case by the act itself. The thing that stood out to the [c]ourt about this – this act was the brutality that was committed. I know [petitioner] indicates that these acts were done in self-defense. But, this went way – you know, even this went way beyond any amount of self-defense. The – just the shear brutality of the actions of [petitioner] in taking the life of [Ashley]. Even with the [c]ourt giving him the maximum sentence, [petitioner] will be young enough when he gets out of prison to still have a life. That's something that he took away from another person. And, society demands that he should have to pay for that. And, the [c]ourt feels like society should demand that he should have to pay for that.

Petitioner's sentence was memorialized in an order dated April 5, 2017, and it is from this order that petitioner appeals.

Petitioner's first argument on appeal is that there was insufficient evidence presented to support a second-degree murder conviction. Petitioner "feels that the evidence of self[-]defense predominated any finding of second[-]degree murder as [the victim] stabbed him first." Petitioner recounts the evidence presented to the jury, including the victim's psychiatric issues,

her purported provocation of petitioner, the witnesses' views of the altercation, and his not leaving the home following the killing.

With regard to appellate review of the sufficiency of the evidence presented at trial, this Court has held that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part.

The crux of petitioner's argument is that the jury should have weighed the evidence differently and accepted his theory of self-defense. He does not argue that the State failed to present evidence on any element on which it bore the burden of proof. But, "[i]t is peculiarly within the province of the jury to weigh the evidence upon the question of self-defense, and the verdict of a jury adverse to that defense will not be set aside unless it is manifestly against the weight of the evidence." Syl. Pt. 2, *State v. Whittaker*, 221 W.Va. 117, 650 S.E.2d 216 (2007). Although petitioner stated to the police that the victim confronted him with a knife, the victim's knife was found sheathed and without blood. The evidence also suggested that petitioner's single wound was accidently self-inflicted. Further, "[t]he amount of force used in defense must not be excessive and must be reasonable in relation to the perceived threat." *State v. Wykle*, 208 W.Va. 369, 373, 540 S.E.2d 586, 590 (2000) (citation omitted). Here, even if the victim moved toward petitioner in a threatening way, petitioner was able to overcome her and push her to the floor. There, he stabbed her eighty-six times. Viewing this evidence in the light most favorable to the State, we find sufficient evidence to support the second-degree murder conviction.

Petitioner's second assignment of error is that he "feels his sentence of forty years . . . was excessive[.]" Petitioner argues that the trial court relied on the number of stab wounds and

3

failed to consider mitigating factors, including the victim's provocation of petitioner, the fact that he stayed with the body, his lack of violent criminal history, his age, and his employment status.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

Petitioner acknowledges that his sentence is within statutory limits, but argues that the circuit court neglected to consider certain factors. As recounted above, the circuit court did consider these factors in sentencing petitioner, but it found them outweighed by the sheer viciousness of petitioner's actions. Importantly, petitioner does not argue that the court considered an improper factor in sentencing him, but merely argues that a different result should have obtained. Such argument lacks merit. Because petitioner's sentence is within statutory limits and he has not established that it was based on an impermissible factor, it is not subject to appellate review.

For the foregoing reasons, the circuit court's April 5, 2017, order sentencing petitioner is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker